# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CHRISTOPHER OGUAJU, #11148039,**

    **Petitioner,**

                                  Civil No: 06-CV-15501
                                  Honorable John Corbett O'Meara
                                  Magistrate Judge Mona K. Majzoub

**v.**

**C. EICHENLAUB,**

    **Respondent.**

_____/

## OPINION AND ORDER GRANTING
## RESPONDENT'S MOTION TO DISMISS

This matter is before the Court on Petitioner's, Christopher Oguaju's, *pro se* request for habeas relief pursuant to 28 U.S.C. §2241. Petitioner, a federal prisoner confined at Federal Correctional Institution (FCI) Milan, in Milan, Michigan, is challenging his 1998 conviction for conspiring to distribute heroin with intent to distribute, pursuant to 21 U.S.C. §841(a)(1), possession of heroin with intent to distribute, 21 U.S.C. §846, and for possession of a firearm as a convicted felon under 18 U.S.C. §922(g). Pending before the Court is Respondent's "Motion to Dismiss," where it is asserted that Petitioner failed to demonstrate that relief in this case under 28 U.S.C. §2255 is inadequate and ineffective. Petitioner filed a reply brief arguing that since Respondent failed to address the substance of his habeas claims and alternatively attacked Petitioner's procedural deficiencies, the Court should deny the pending motion to dismiss. For the reasons stated below, the Court grants the motion and dismisses the petition.

# I. BACKGROUND

Petitioner was convicted on June 22, 1998 of the above offenses following a jury trial in the United States District Court for the Eastern District of Michigan. He was sentenced on September 14, 1998 to concurrent terms of 20 years for the conspiracy charge, 17 ½ years for the substantive drug conviction, 10 years for the felon in possession offense, and a 10 year term of supervised release. Petitioner subsequently appealed his conviction to the Sixth Circuit Court of Appeals where it was affirmed. *United States v. Oguaju,* 2000 WL 1562823 (6th Cir. Oct. 11, 2000), *cert. denied*, 532 U.S. 1044, 121 S.Ct. 2011, 149 L.Ed.2d 1012 (2001). Petitioner then filed a motion to vacate sentence under 28 U.S.C.§2255 with this court. *Oguaju v. United States of America,* No: 01-CV-74533 (E.D. Mich. November 30, 2001)[1]. On October 8, 2002, the district court denied Petitioner's 28 U.S.C. §2255 motion. *United States v. Marano, et. al.,* No: 97-CR-802063 (E.D. Mich. October 8, 2002). Petitioner filed a motion for certificate of appealability and relief was denied. *United States v. Marano, et. al.,* No: 97-CR-802063 (E.D. Mich. February 6, 2003). Petitioner then filed a petition for writ of certiorari with the United States Supreme Court which was denied. *Oguaju v. United States,* 540 U.S. 1157 (2004). Petitioner subsequently sought an order from the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §2244, authorizing the district court to consider a second motion to vacate his sentence under 28 U.S.C. §2255. The Sixth Circuit reviewed the matter and found that:

> Oguaju's arguments do not satisfy the requirements of §2255, he has not made a prima facie showing that he is entitled to a motion to vacate. Therefore, we deny Oguaju's request seeking permission to file a second §2255 motion in the district court.

---

[1] See also criminal case docket number: 97-CV-80206.

*In re: Christopher Sunday Oguaju,* 05-1355, pg. 2 (6th Cir. September 13, 2006).

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he seeks relief from his conviction claiming that he is actually innocent and did not commit the offenses with which he has been charged.

## II. DISCUSSION

A motion to vacate sentence under §2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. §2241 only if it appears that the remedy afforded under §2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *Robinson v. Hemingway,* 175 F.Supp.2d 915, 916 (E.D. Mich. 2001). The burden of showing that the remedy afforded under §2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999). Therefore, the remedy afforded under §2255 is not considered inadequate or ineffective simply because §2255 relief has already been denied, or because petitioner has been or potentially will be procedurally barred from pursuing relief under §2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 756; see also *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001).

The circumstances under which a motion to vacate sentence brought pursuant to §2255 might

be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under §2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *United States v. Peterman,* 249 F.3d at 461. To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use §2241 (via §2255's saving's clause) as a way of circumventing §2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey v. United States,* 105 F.Supp.2d 731, 733 (E.D. Mich. 2000), citing to *Charles v. Chandler,* 180 F.3d at 757. Therefore, a credible claim of actual innocence based upon new evidence is cognizable in a second or successive motion for relief from judgment pursuant to 28 U.S.C. §2255.

"[A]ctual innocence means factual innocence, not mere legal insufficiency."*Bousley v. United States,* 523 U.S. 614, 623-24 (1998). To this end, in order to establish actual innocence, the "petition must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* "To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Court in *Schlup* further stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"

In the present case, in support of Petitioner's claim that he is actually innocent of the drug conspiracy, drug possession, and gun possession charges, he states the following: (1) one of the witnesses lied during his testimony and stated that he did not receive anything in return from the

4

prosecution for his testimony against Petitioner, only later to find out after trial that he was promised leniency with his own sentence; (2) Agent Thomas Hawes lied during his trial testimony; (3) Judge John Corbett O'Meara and the prosecutor ignored the untruthful trial testimony; (4) the evidence used against Petitioner during trial was illegally seized as the warrant was issued by a court with no jurisdiction; (5) the evidence used against Petitioner during trial was planted by governmental agents or otherwise tainted; and (6) there was prosecutorial misconduct due to the government's violation of the rules of evidence and criminal procedure and its failure to produce certain videotapes.

Petitioner is unable to invoke an "actual innocence" exception to permit him to challenge his federal conviction pursuant to §2241 for several reasons. First, Petitioner has failed to produce "new and reliable" evidence upon which to base an actual innocence claim. The crux of Petitioner's argument is that the witnesses lied and the government acted illegally. Under *Schlup,* the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schulp v. Delo,* 513 U.S. at 327 ("the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") Petitioner has offered no factual support for his actual innocence claim nor has he demonstrated factual innocence, but rather relies upon the actions and inactions of the government, its witnesses and the trial court.

Second, to the extent Petitioner's claim could be considered a viable claim of actual innocence, he had the opportunity to raise this issue on direct appeal before the United States Court

5

of Appeals for the Sixth Circuit, but failed to do so. Petitioner's co-defendant, Chukwudi Oguaju, raised the issue on direct appeal in the form of an insufficiency of evidence argument. However, Petitioner did not use actual innocence or insufficient evidence as a basis for his appeal. Petitioner has not shown that he was somehow precluded from raising his actual innocence claim on direct appeal, nor has he demonstrated that §2255 relief is foreclosed to him as an avenue of relief. See *Lorentsen v. Hood,* 223 F.3d 950, 954 (9th Cir. 2000). A federal district court can therefore invoke habeas jurisdiction pursuant to 28 U.S.C. §2241 over cases involving federal prisoners who can prove actual innocence and who could not have effectively raised their claim of innocence at an earlier time. *Cephas v. Nash,* 328 F.3d 98, 104 (2nd Cir. 2003)(internal citations omitted). Because Petitioner was able to raise his actual innocence claim on his direct appeal before the Sixth Circuit and was not precluded from doing so, he may not raise it in a petition for writ of habeas corpus. Although Petitioner may face procedural hurdles before bringing his claim under 28 U.S.C. §2255 (i.e., procedural default), a remedy under that statute would not be inadequate or ineffective. See *Charles v. Chandler,* 180 F.3d at 756-58.

Finally, Petitioner's claim involves a claim of legal insufficiency of the evidence, not factual innocence. As stated in *Bousely,* actual innocence means factual innocence and not mere legal insufficiency. *Bousely v. United States,* 523 U.S. at 623. Petitioner argues that the actions of the prosecutor's office, the federal district judge and the witnesses are the reasons that he was wrongfully convicted and why he is being illegally confined at the FCI-Milan. These allegations constitute legal insufficiencies (i.e., prosecutorial misconduct, judicial error, perjury, etc.) and not the factual actual innocence required for bringing a 28 U.S.C. §2241 petition to attack as conviction. See *Scott v. Morrison,* 58 Fed. Appx. 602, 603 (6th Cir. 2003).

6

## III. CONCLUSION

Petitioner has not met his burden of establishing that relief under 28 U.S.C. §2255 is inadequate and ineffective.

Accordingly,

IT IS ORDERED that Respondent's "Motion to Dismiss" [Dkt. #5] is GRANTED and Petitioner's habeas petition is DISMISSED WITHOUT PREJUDICE. Petitioner has the option of filing an application in the United States Court of Appeals for the Sixth Circuit for leave to file a second or successive motion under 28 U.S.C. §2255.

IT IS FURTHER ORDERED that Petitioner's "Motion to Expedite Habeas Corpus Petition" [Dkt. #3] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend Pending Order" [Dkt. #4] is DENIED as MOOT.

s/John Corbett O'Meara
United States District Judge

Date: August 1, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 1, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
